**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23428-BLOOM/Otazo-Reyes**

CHERYL SCHWALB,

      Plaintiff,

v.

NICE COIN LAUNDRY,

      Defendant.

_____/

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff Cheryl Schwalb's ("Plaintiff") Verified Motion for Default and Default Final Judgment and Application for Attorney's Fees, Costs, and Litigation Expenses ("Motion"), ECF No. [13], filed November 22, 2020. A Clerk's Default was entered against Defendant Nice Coin Laundry ("Defendant") on October 28, 2021, ECF No. [10], as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The cause of action is a brought under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ECF No. [1]. Plaintiff alleges Defendant is the "owner, operator, lessor and/or lessee" of a coin laundry. *Id.* at ¶ 3. Plaintiff contends that she was "denied access to Defendant's coin laundry business because she cannot wear shoes and socks because of her disability, arthritis of the right new and bilateral tissues swelling of her legs, ankles and feet." *Id.* at ¶ 8. Specifically, Defendant "instructed its employees to deny entry and service to Plaintiff if she is not wearing shoes and has gone so far as to post a sign at the entrance denying entrance to

those persons (Plaintiff) who are not wearing shoes." *Id.* Plaintiff requests declaratory relief, an order "directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities," attorneys' fees and costs, and other catch-all relief. *Id.* at 7.

"Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation omitted). The "sufficient basis" standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim. Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.* (cleaned up). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Granting a motion for default judgment is within the trial court's discretion. *Id.*

Default judgment is denied for two reasons. First, conclusory allegations regarding ownership or operation of a property are insufficient to state a claim. *See, e.g.*, *Tidwell v. S. Petro Holding LLC*, No. 2:19-CV-98-FTM-29UAM, 2019 WL 2173838, at *2 (M.D. Fla. May 20, 2019) (denying motion for default judgment where plaintiff merely alleged that defendant "is the owner, lessee, lessor and/or operator" of property). Second, Plaintiff requests in the complaint broad and non-specific injunctive relief. *See Strickland v. Amer*, No. 619CV205ORL31DCI, 2019 WL 6134463, at *5 (M.D. Fla. Oct. 30, 2019), *report and recommendation adopted*, 2019 WL 6133741 (M.D. Fla. Nov. 19, 2019) (denying default judgment on the same basis). By contrast, Plaintiff's motion for default judgment seeks the appointment of a consultant and other specific injunctive relief, none of which is plead. *See* ECF No. [13].

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.       Plaintiff's Motion for Default, **ECF No. [13],** is **DENIED**.

2.       Plaintiff shall file an Amended Complaint by **January 10, 2022**. Plaintiff must

provide sufficient allegations of ownership and specific requests for injunctive relief.

3.       Defendant shall have fourteen days to respond to the Amended Complaint after

Plaintiff properly serves it.

4.       If Defendant does not respond to the Amended Complaint, Plaintiff may reinitiate

default judgment proceeding.

        **DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Nice Coin Laundry
19925 NW 2nd Avenue, Bay 2
Miami Gardens, FL 33169